Mr. Chief Justice Sharkey
delivered the opinion of the court.
This was an action on a promissory note, made by Thomas Sanders, Thomas J. Smith, Lawson F. Henderson and Archibald Clark, payable to the Mississippi and Alabama Railroad Company, and by the cashier indorsed to the plaintiff. The defence set up is, that the note was altered in a material part, and is therefore not binding on the parties.
The evidence on this point is not very satisfactory. One witness proved that in his opinion the figure 7 had been erased and the figure 8 inserted, so as to make the note read, “ Twelve months after the 1st day of January, 1838,” instead of “ Twelve months after the 1st day of January, 1837.” If such alteration was made, the note was made payable by it twelve months later than it would have been without it. Another witness testified that he saw the note while the trade was going on between Sanders, the principal maker, and the plaintiff, during which negotiation it was transferred by Sanders to plaintiff, when it was signed, but blank as to the time of payment, and that the words “ Twelve,” “ 1st” “ January, 1838,” have been since inserted, and in the handwriting of the plaintiff.
The court therefore charged the jury, that “if they believed from the evidence that the note was blank at the time of its delivery to the plaintiff, and was then filled, or the filling of the blanks altered by Sanders, or by the plaintiff, under the direction or sanction of Sanders, the note is still available. But if the alteration was made by the plaintiff after its delivery to him by Sanders, the plaintiff cannot recover, the presumption of law being that any material alteration which appears upon the face of the note, was made after it went into the hands of the plaintiff, and it is for him to show circumstantially, or otherwise, that such alterations were made under circumstances that render the note still available.”
*380 In giving this charge the court went too far. It docs not follow as a legal consequence, that if the alteration was made by the plaintiff after the delivery of the note, it was sufficient to avoid the note. The testimony tended to show that it was delivered to the plaintiff in blank, as to the time of payment. If so, it was surely competent to fill it up in the absence of any agreement on that subject. Surely, no principle is better settled than that parties who sign a paper in blank, for the purpose of having it filled up as a note, thereby confer authority on the party to whom it is delivered to fill it tip. If these parties delivered this note in blank, as to the time of payment, they thereby left it with the plaintiff to fill it np as he might think proper. Such filling up of blanks was not such an alteration as would avoid the note.
The proposition contained in this part of the charge is too broad in another respect. The plaintiff was at liberty to make any alteration which Sanders authorized; but the charge is without qualification. It assumes that every alteration would avoid the note, even though Sanders may have directed it.
Another question is made which is not free from difficulties. It is this : Is it a presumption of law that any material alteration of a note, appearing upon its face, was-made after it goes into the hands of the payee, and is it for him to show that it was made under circumstances which sustain it 1 The authorities are both ways, and hence it is difficult to extract from them the'true rule. The question was very fully considered in the supreme court of Connecticut, in the case of Bailey v. Taylor, in which the evident leaning of the decision is against the presumption. Still it may be doubted whether the authorities cited by the court would not have better sustained an opinion the other way. The court said, circumstances may be such as may require an explanation from the plaintiff. This is surely true. And it must be also clear that the whole question of alteration is for the jury. It is for them to determine whether it was made before, or after delivery; or whether it was with or without the consent of the maker. Assuming that the law presumes that any alteration appearing on the note, was made *381 after delivery, such presumption must be very much weakened, if not destroyed, when the alteration operates prejudicially to the holder. The law founds its presumptions on motives which are supposed to actuate mankind, and no man is supposed to have acted against his interest. The jury would be authorized to give to such a circumstance its due weight. In the case of the Railroad Bank v. Lum, 7 Howard, 414, we held that it was incumbent on the plaintiff to account for an alteration. There may be exceptions to the rule ; but the present case does not require that we should recede, even if we were disposed to do so.
Judgment reversed.